EXHIBIT 1

# CRS Account History
Account Id: 67171

**Account:** 67171                          **Awardee:**

**Case:** 200255218                        **Next Friend:**

**Court:** 215th - Civ                      **Attorney:**

**Style:** MADISON, SASKIA (A PSEUDONYM) (AS NEXT F vs. WILLIAMSON, WARREN REID

| | **Principal:** | $0.00 |
| | **Interest:** | $0.00 |
| | **Total:** | $0.00 |

| Action | Validation | Customer Name | Receipt Number | Principal Amount | Interest Amount | Total Amount |
|---|---|---|---|---|---|---|
| Interest | 5/4/2016 | CRS SYSTEM | 22151 | $0.00 | $1.51 | $1.51 |
| Interest | 5/4/2016 | MANAGEMENT FEE | 22151 | $0.00 | ($0.17) | ($0.17) |
| Interest | 5/4/2016 | CRS SYSTEM | 22146 | $0.00 | $48.22 | $48.22 |
| Interest | 5/4/2016 | MANAGEMENT FEE | 22146 | $0.00 | ($5.36) | ($5.36) |
| Disbursement | 5/3/2016 | WILLIAMS KHERKHER HART BOUNDAS LLP | 69583 | $60,720.48 | $3,077.73 | $63,798.21 |
| Interest | 4/5/2016 | CRS SYSTEM | 21959 | $0.00 | $39.27 | $39.27 |
| Interest | 4/5/2016 | MANAGEMENT FEE | 21959 | $0.00 | ($4.36) | ($4.36) |
| Interest | 3/3/2016 | CRS SYSTEM | 21775 | $0.00 | $37.40 | $37.40 |
| Interest | 3/3/2016 | MANAGEMENT FEE | 21775 | $0.00 | ($4.16) | ($4.16) |
| Interest | 2/3/2016 | CRS SYSTEM | 21625 | $0.00 | $28.76 | $28.76 |
| Interest | 2/3/2016 | MANAGEMENT FEE | 21625 | $0.00 | ($3.20) | ($3.20) |
| Interest | 1/6/2016 | CRS SYSTEM | 21386 | $0.00 | $44.84 | $44.84 |
| Interest | 1/6/2016 | MANAGEMENT FEE | 21386 | $0.00 | ($4.98) | ($4.98) |
| Interest | 12/3/2015 | CRS SYSTEM | 21309 | $0.00 | $41.27 | $41.27 |
| Interest | 12/3/2015 | MANAGEMENT FEE | 21309 | $0.00 | ($4.58) | ($4.58) |
| Interest | 11/4/2015 | CRS SYSTEM | 21141 | $0.00 | $43.20 | $43.20 |
| Interest | 11/4/2015 | MANAGEMENT FEE | 21141 | $0.00 | ($4.80) | ($4.80) |
| Interest | 10/2/2015 | CRS SYSTEM | 20929 | $0.00 | $42.05 | $42.05 |
| Interest | 10/2/2015 | MANAGEMENT FEE | 20929 | $0.00 | ($4.67) | ($4.67) |
| Interest | 9/3/2015 | CRS SYSTEM | 20737 | $0.00 | $41.77 | $41.77 |
| Interest | 9/3/2015 | MANAGEMENT FEE | 20737 | $0.00 | ($4.64) | ($4.64) |
| Interest | 8/5/2015 | CRS SYSTEM | 20517 | $0.00 | $63.22 | $63.22 |
| Interest | 8/5/2015 | MANAGEMENT FEE | 20517 | $0.00 | ($7.02) | ($7.02) |
| Interest | 6/23/2015 | CRS SYSTEM | 20186 | $0.00 | $28.54 | $28.54 |
| Interest | 6/23/2015 | MANAGEMENT FEE | 20186 | $0.00 | ($3.17) | ($3.17) |
| Interest | 6/4/2015 | CRS SYSTEM | 20017 | $0.00 | $43.80 | $43.80 |
| Interest | 6/4/2015 | MANAGEMENT FEE | 20017 | $0.00 | ($4.87) | ($4.87) |
| Interest | 5/5/2015 | CRS SYSTEM | 19880 | $0.00 | $48.22 | $48.22 |
| Interest | 5/5/2015 | MANAGEMENT FEE | 19880 | $0.00 | ($5.36) | ($5.36) |
| Interest | 4/7/2015 | CRS SYSTEM | 19764 | $0.00 | $49.46 | $49.46 |
| Interest | 4/7/2015 | MANAGEMENT FEE | 19764 | $0.00 | ($5.50) | ($5.50) |
| Interest | 3/3/2015 | CRS SYSTEM | 19592 | $0.00 | $35.95 | $35.95 |

# CRS Account History
Account Id: 67171

**Account:** 67171

**Case:** 200255218

**Court:** 215th - Civ

**Style:** MADISON, SASKIA (A PSEUDONYM) (AS NEXT F vs. WILLIAMSON, WARREN REID

**Awardee:**

**Next Friend:**

**Attorney:**

| | | | Principal: | $0.00 |
| | | | Interest: | $0.00 |
| | | | Total: | $0.00 |

| Action | Validation | Customer Name | Receipt Number | Principal Amount | Interest Amount | Total Amount |
|---|---|---|---|---|---|---|
| Interest | 3/3/2015 | MANAGEMENT FEE | 19592 | $0.00 | ($3.99) | ($3.99) |
| Interest | 2/4/2015 | CRS SYSTEM | 19435 | $0.00 | $41.81 | $41.81 |
| Interest | 2/4/2015 | MANAGEMENT FEE | 19435 | $0.00 | ($4.64) | ($4.64) |
| Interest | 1/6/2015 | CRS SYSTEM | 19311 | $0.00 | $50.47 | $50.47 |
| Interest | 1/6/2015 | MANAGEMENT FEE | 19311 | $0.00 | ($5.61) | ($5.61) |
| Interest | 12/2/2014 | CRS SYSTEM | 19161 | $0.00 | $44.28 | $44.28 |
| Interest | 12/2/2014 | MANAGEMENT FEE | 19161 | $0.00 | ($4.92) | ($4.92) |
| Interest | 11/4/2014 | CRS SYSTEM | 19071 | $0.00 | $46.40 | $46.40 |
| Interest | 11/4/2014 | MANAGEMENT FEE | 19071 | $0.00 | ($5.16) | ($5.16) |
| Interest | 10/3/2014 | CRS SYSTEM | 18860 | $0.00 | $47.47 | $47.47 |
| Interest | 10/3/2014 | MANAGEMENT FEE | 18860 | $0.00 | ($5.27) | ($5.27) |
| Interest | 9/4/2014 | CRS SYSTEM | 18705 | $0.00 | $46.00 | $46.00 |
| Interest | 9/4/2014 | MANAGEMENT FEE | 18705 | $0.00 | ($5.11) | ($5.11) |
| Interest | 8/5/2014 | CRS SYSTEM | 18431 | $0.00 | $73.30 | $73.30 |
| Interest | 8/5/2014 | MANAGEMENT FEE | 18431 | $0.00 | ($8.14) | ($8.14) |
| Interest | 6/24/2014 | CRS SYSTEM | 18224 | $0.00 | $24.89 | $24.89 |
| Interest | 6/24/2014 | MANAGEMENT FEE | 18224 | $0.00 | ($2.76) | ($2.76) |
| Interest | 6/5/2014 | CRS SYSTEM | 18071 | $0.00 | $54.31 | $54.31 |
| Interest | 6/5/2014 | MANAGEMENT FEE | 18071 | $0.00 | ($6.04) | ($6.04) |
| Interest | 5/2/2014 | CRS SYSTEM | 17867 | $0.00 | $47.41 | $47.41 |
| Interest | 5/2/2014 | MANAGEMENT FEE | 17867 | $0.00 | ($5.27) | ($5.27) |
| Interest | 4/2/2014 | CRS SYSTEM | 17715 | $0.00 | $46.67 | $46.67 |
| Interest | 4/2/2014 | MANAGEMENT FEE | 17715 | $0.00 | ($5.18) | ($5.18) |
| Interest | 3/4/2014 | CRS SYSTEM | 17544 | $0.00 | $53.81 | $53.81 |
| Interest | 3/4/2014 | MANAGEMENT FEE | 17544 | $0.00 | ($5.98) | ($5.98) |
| Interest | 2/4/2014 | CRS SYSTEM | 17407 | $0.00 | $49.63 | $49.63 |
| Interest | 2/4/2014 | MANAGEMENT FEE | 17407 | $0.00 | ($5.51) | ($5.51) |
| Interest | 1/3/2014 | CRS SYSTEM | 17263 | $0.00 | $57.18 | $57.18 |
| Interest | 1/3/2014 | MANAGEMENT FEE | 17263 | $0.00 | ($6.35) | ($6.35) |
| Interest | 12/3/2013 | CRS SYSTEM | 17108 | $0.00 | $42.20 | $42.20 |
| Interest | 12/3/2013 | MANAGEMENT FEE | 17108 | $0.00 | ($4.69) | ($4.69) |
| Interest | 11/5/2013 | CRS SYSTEM | 17006 | $0.00 | $51.27 | $51.27 |
| Interest | 11/5/2013 | MANAGEMENT FEE | 17006 | $0.00 | ($5.70) | ($5.70) |

# CRS Account History
Account Id: 67171

**Account:** 67171

**Awardee:**

**Case:** 200255218

**Next Friend:**

**Court:** 215th - Civ

**Attorney:**

**Style:** MADISON, SASKIA (A PSEUDONYM) (AS NEXT F vs. WILLIAMSON, WARREN REID

| | | | | **Principal:** | $0.00 |
| | | | | **Interest:** | $0.00 |
| | | | | **Total:** | $0.00 |

| Action | Validation | Customer Name | Receipt Number | Principal Amount | Interest Amount | Total Amount |
|--------|-----------|---------------|----------------|-----------------|-----------------|--------------|
| Interest | 10/2/2013 | CRS SYSTEM | 16789 | $0.00 | $42.54 | $42.54 |
| Interest | 10/2/2013 | MANAGEMENT FEE | 16789 | $0.00 | ($4.73) | ($4.73) |
| Interest | 9/4/2013 | CRS SYSTEM | 16588 | $0.00 | $50.96 | $50.96 |
| Interest | 9/4/2013 | MANAGEMENT FEE | 16588 | $0.00 | ($5.66) | ($5.66) |
| Interest | 8/2/2013 | CRS SYSTEM | 16398 | $0.00 | $54.37 | $54.37 |
| Interest | 8/2/2013 | MANAGEMENT FEE | 16398 | $0.00 | ($6.04) | ($6.04) |
| Interest | 6/25/2013 | CRS SYSTEM | 16140 | $0.00 | $24.09 | $24.09 |
| Interest | 6/25/2013 | MANAGEMENT FEE | 16140 | $0.00 | ($2.68) | ($2.68) |
| Interest | 6/4/2013 | CRS SYSTEM | 16007 | $0.00 | $43.50 | $43.50 |
| Interest | 6/4/2013 | MANAGEMENT FEE | 16007 | $0.00 | ($4.83) | ($4.83) |
| Interest | 5/2/2013 | CRS SYSTEM | 15776 | $0.00 | $45.75 | $45.75 |
| Interest | 5/2/2013 | MANAGEMENT FEE | 15776 | $0.00 | ($5.08) | ($5.08) |
| Interest | 4/2/2013 | CRS SYSTEM | 15630 | $0.00 | $50.70 | $50.70 |
| Interest | 4/2/2013 | MANAGEMENT FEE | 15630 | $0.00 | ($5.63) | ($5.63) |
| Interest | 3/5/2013 | CRS SYSTEM | 15463 | $0.00 | $35.09 | $35.09 |
| Interest | 3/5/2013 | MANAGEMENT FEE | 15463 | $0.00 | ($3.90) | ($3.90) |
| Interest | 2/6/2013 | CRS SYSTEM | 15281 | $0.00 | $52.56 | $52.56 |
| Interest | 2/6/2013 | MANAGEMENT FEE | 15281 | $0.00 | ($5.84) | ($5.84) |
| Interest | 1/3/2013 | CRS SYSTEM | 15103 | $0.00 | $39.03 | $39.03 |
| Interest | 1/3/2013 | MANAGEMENT FEE | 15103 | $0.00 | ($4.34) | ($4.34) |
| Interest | 12/5/2012 | CRS SYSTEM | 14972 | $0.00 | $62.23 | $62.23 |
| Interest | 12/5/2012 | MANAGEMENT FEE | 14972 | $0.00 | ($6.92) | ($6.92) |
| Interest | 10/23/2012 | CRS SYSTEM | 14706 | $0.00 | $30.42 | $30.42 |
| Interest | 10/23/2012 | MANAGEMENT FEE | 14706 | $0.00 | ($3.38) | ($3.38) |
| Interest | 10/3/2012 | CRS SYSTEM | 14540 | $0.00 | $52.15 | $52.15 |
| Interest | 10/3/2012 | MANAGEMENT FEE | 14540 | $0.00 | ($5.80) | ($5.80) |
| Interest | 9/6/2012 | CRS SYSTEM | 14305 | $0.00 | $64.25 | $64.25 |
| Interest | 9/6/2012 | MANAGEMENT FEE | 14305 | $0.00 | ($7.14) | ($7.14) |
| Interest | 8/2/2012 | CRS SYSTEM | 14068 | $0.00 | $56.14 | $56.14 |
| Interest | 8/2/2012 | MANAGEMENT FEE | 14068 | $0.00 | ($6.24) | ($6.24) |
| Interest | 7/3/2012 | CRS SYSTEM | 13868 | $0.00 | $51.72 | $51.72 |
| Interest | 7/3/2012 | MANAGEMENT FEE | 13868 | $0.00 | ($5.75) | ($5.75) |
| Interest | 6/5/2012 | CRS SYSTEM | 13681 | $0.00 | $54.02 | $54.02 |

# CRS Account History

## Account Id: 67171

| | | |
|---|---|---|
| **Account:** 67171 | **Awardee:** | |
| **Case:** 200255218 | **Next Friend:** | |
| **Court:** 215th - Civ | **Attorney:** | |
| **Style:** MADISON, SASKIA (A PSEUDONYM) (AS NEXT F vs. WILLIAMSON, WARREN REID | | |

| | | |
|---|---|---|
| | **Principal:** | $0.00 |
| | **Interest:** | $0.00 |
| | **Total:** | $0.00 |

| Action | Validation | Customer Name | Receipt Number | Principal Amount | Interest Amount | Total Amount |
|---|---|---|---|---|---|---|
| Interest | 6/5/2012 | MANAGEMENT FEE | 13681 | $0.00 | ($6.00) | ($6.00) |
| Interest | 5/2/2012 | CRS SYSTEM | 13524 | $0.00 | $46.63 | $46.63 |
| Interest | 5/2/2012 | MANAGEMENT FEE | 13524 | $0.00 | ($5.18) | ($5.18) |
| Interest | 4/5/2012 | CRS SYSTEM | 13402 | $0.00 | $9.36 | $9.36 |
| Interest | 4/5/2012 | MANAGEMENT FEE | 13402 | $0.00 | ($1.04) | ($1.04) |
| Disbursement | 4/4/2012 | *JANE DOE* | 64791 | $60,720.48 | $807.00 | $61,527.48 |
| Interest | 4/3/2012 | CRS SYSTEM | 13373 | $0.00 | $59.86 | $59.86 |
| Interest | 4/3/2012 | MANAGEMENT FEE | 13373 | $0.00 | ($6.65) | ($6.65) |
| Interest | 3/8/2012 | CRS SYSTEM | 13275 | $0.00 | $22.51 | $22.51 |
| Interest | 3/8/2012 | MANAGEMENT FEE | 13275 | $0.00 | ($2.50) | ($2.50) |
| Interest | 3/2/2012 | CRS SYSTEM | 13238 | $0.00 | $111.38 | $111.38 |
| Interest | 3/2/2012 | MANAGEMENT FEE | 13238 | $0.00 | ($12.38) | ($12.38) |
| Interest | 2/2/2012 | CRS SYSTEM | 13024 | $0.00 | $119.02 | $119.02 |
| Interest | 2/2/2012 | MANAGEMENT FEE | 13024 | $0.00 | ($13.22) | ($13.22) |
| Interest | 1/4/2012 | CRS SYSTEM | 12845 | $0.00 | $138.74 | $138.74 |
| Interest | 1/4/2012 | MANAGEMENT FEE | 12845 | $0.00 | ($15.42) | ($15.42) |
| Interest | 12/2/2011 | CRS SYSTEM | 12601 | $0.00 | $156.86 | $156.86 |
| Interest | 12/2/2011 | MANAGEMENT FEE | 12601 | $0.00 | ($17.43) | ($17.43) |
| Interest | 10/26/2011 | CRS SYSTEM | 12373 | $0.00 | $92.80 | $92.80 |
| Interest | 10/26/2011 | MANAGEMENT FEE | 12373 | $0.00 | ($10.31) | ($10.31) |
| Interest | 10/4/2011 | CRS SYSTEM | 12133 | $0.00 | $121.09 | $121.09 |
| Interest | 10/4/2011 | MANAGEMENT FEE | 12133 | $0.00 | ($13.46) | ($13.46) |
| Interest | 9/2/2011 | CRS SYSTEM | 11854 | $0.00 | $119.56 | $119.56 |
| Interest | 9/2/2011 | MANAGEMENT FEE | 11854 | $0.00 | ($13.28) | ($13.28) |
| Interest | 8/2/2011 | CRS SYSTEM | 11524 | $0.00 | $135.31 | $135.31 |
| Interest | 8/2/2011 | MANAGEMENT FEE | 11524 | $0.00 | ($15.04) | ($15.04) |
| Interest | 7/6/2011 | CRS SYSTEM | 11359 | $0.00 | $180.55 | $180.55 |
| Interest | 7/6/2011 | MANAGEMENT FEE | 11359 | $0.00 | ($20.06) | ($20.06) |
| Interest | 6/2/2011 | CRS SYSTEM | 11114 | $0.00 | $37.81 | $37.81 |
| Interest | 6/2/2011 | MANAGEMENT FEE | 11114 | $0.00 | ($4.20) | ($4.20) |
| Interest | 5/24/2011 | CRS SYSTEM | 11060 | $0.00 | $232.24 | $232.24 |
| Interest | 5/24/2011 | MANAGEMENT FEE | 11060 | $0.00 | ($25.80) | ($25.80) |
| Disbursement | 5/24/2011 | YATES, TERRY W. | 63503 | $52,000.00 | $0.00 | $52,000.00 |

# CRS Account History
## Account Id: 67171

**Account:** 67171

**Case:** 200255218

**Court:** 215th - Civ

**Style:** MADISON, SASKIA (A PSEUDONYM) (AS NEXT F vs. WILLIAMSON, WARREN REID

**Awardee:**

**Next Friend:**

**Attorney:**

|  |  |
|---|---|
| **Principal:** | $0.00 |
| **Interest:** | $0.00 |
| **Total:** | $0.00 |

| Action | Validation | Customer Name | Receipt Number | Principal Amount | Interest Amount | Total Amount |
|---|---|---|---|---|---|---|
| Disbursement | 5/24/2011 | OFFICE OF THE ATTORNEY GENERAL | 63516 | $50,747.14 | $0.00 | $50,747.14 |
| Disbursement | 5/23/2011 | UNITED STATES TREASURY INTERNAL REVENUE SERVICE | 63501 | $48,658.46 | $0.00 | $48,658.46 |
| Deposit | 5/4/2011 | JOHN M. OQUINN & ASSOCIATES | 7392 | $217,538.68 | $0.00 | $217,538.68 |
| Interest | 5/3/2011 | CRS SYSTEM | 10957 | $0.00 | $76.91 | $76.91 |
| Interest | 5/3/2011 | MANAGEMENT FEE | 10957 | $0.00 | ($8.55) | ($8.55) |
| Deposit | 3/29/2011 | WILLIAMSON, MICHAEL | 7179 | $55,307.88 | $0.00 | $55,307.88 |

# EXHIBIT 2

# CRS Account History
Account Id: 68785

**Account:** 68785        **Awardee:**

**Case:** 200255218        **Next Friend:**

**Court:** 215th - Civ        **Attorney:**

**Style:** MADISON, SASKIA (A PSEUDONYM) (AS NEXT F vs. WILLIAMSON, WARREN REID

| | | | | **Principal:** | $0.00 |
| | | | | **Interest:** | $0.00 |
| | | | | **Total:** | $0.00 |

| Action | Validation | Customer Name | Receipt Number | Principal Amount | Interest Amount | Total Amount |
|---|---|---|---|---|---|---|
| Interest | 5/5/2016 | CRS SYSTEM | 22153 | $0.00 | $0.25 | $0.25 |
| Interest | 5/5/2016 | MANAGEMENT FEE | 22153 | $0.00 | ($0.03) | ($0.03) |
| Interest | 5/4/2016 | CRS SYSTEM | 22149 | $0.00 | $0.49 | $0.49 |
| Interest | 5/4/2016 | MANAGEMENT FEE | 22149 | $0.00 | ($0.05) | ($0.05) |
| Interest | 5/4/2016 | CRS SYSTEM | 22146 | $0.00 | $15.68 | $15.68 |
| Interest | 5/4/2016 | MANAGEMENT FEE | 22146 | $0.00 | ($1.74) | ($1.74) |
| Disbursement | 5/4/2016 | OLYMPIA PENELOPE RIDGE 867 MANAGEMENT TRUST | 69584 | $9,650.05 | $716.32 | $10,366.37 |
| Disbursement | 5/3/2016 | WILLIAMS KHERKHER HART BOUNDAS LLP | 69582 | $10,349.95 | $0.00 | $10,349.95 |
| Interest | 4/5/2016 | CRS SYSTEM | 21959 | $0.00 | $12.75 | $12.75 |
| Interest | 4/5/2016 | MANAGEMENT FEE | 21959 | $0.00 | ($1.42) | ($1.42) |
| Interest | 3/3/2016 | CRS SYSTEM | 21775 | $0.00 | $12.15 | $12.15 |
| Interest | 3/3/2016 | MANAGEMENT FEE | 21775 | $0.00 | ($1.35) | ($1.35) |
| Interest | 2/3/2016 | CRS SYSTEM | 21625 | $0.00 | $9.35 | $9.35 |
| Interest | 2/3/2016 | MANAGEMENT FEE | 21625 | $0.00 | ($1.04) | ($1.04) |
| Interest | 1/6/2016 | CRS SYSTEM | 21386 | $0.00 | $14.57 | $14.57 |
| Interest | 1/6/2016 | MANAGEMENT FEE | 21386 | $0.00 | ($1.62) | ($1.62) |
| Interest | 12/3/2015 | CRS SYSTEM | 21309 | $0.00 | $13.41 | $13.41 |
| Interest | 12/3/2015 | MANAGEMENT FEE | 21309 | $0.00 | ($1.49) | ($1.49) |
| Interest | 11/4/2015 | CRS SYSTEM | 21141 | $0.00 | $14.03 | $14.03 |
| Interest | 11/4/2015 | MANAGEMENT FEE | 21141 | $0.00 | ($1.56) | ($1.56) |
| Interest | 10/2/2015 | CRS SYSTEM | 20929 | $0.00 | $13.66 | $13.66 |
| Interest | 10/2/2015 | MANAGEMENT FEE | 20929 | $0.00 | ($1.52) | ($1.52) |
| Interest | 9/3/2015 | CRS SYSTEM | 20737 | $0.00 | $13.57 | $13.57 |
| Interest | 9/3/2015 | MANAGEMENT FEE | 20737 | $0.00 | ($1.51) | ($1.51) |
| Interest | 8/5/2015 | CRS SYSTEM | 20517 | $0.00 | $20.55 | $20.55 |
| Interest | 8/5/2015 | MANAGEMENT FEE | 20517 | $0.00 | ($2.28) | ($2.28) |
| Interest | 6/23/2015 | CRS SYSTEM | 20186 | $0.00 | $9.27 | $9.27 |
| Interest | 6/23/2015 | MANAGEMENT FEE | 20186 | $0.00 | ($1.03) | ($1.03) |
| Interest | 6/4/2015 | CRS SYSTEM | 20017 | $0.00 | $14.23 | $14.23 |
| Interest | 6/4/2015 | MANAGEMENT FEE | 20017 | $0.00 | ($1.58) | ($1.58) |
| Interest | 5/5/2015 | CRS SYSTEM | 19880 | $0.00 | $15.67 | $15.67 |

# CRS Account History
## Account Id: 68785

**Account:** 68785

**Case:** 200255218

**Court:** 215th - Civ

**Style:** MADISON, SASKIA (A PSEUDONYM) (AS NEXT F vs. WILLIAMSON, WARREN REID

**Awardee:**

**Next Friend:**

**Attorney:**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | **Principal:** | | $0.00 | |
| | | | | **Interest:** | | $0.00 | |
| | | | | **Total:** | | $0.00 | |

| Action | Validation | Customer Name | Receipt Number | Principal Amount | Interest Amount | Total Amount |
|---|---|---|---|---|---|---|
| Interest | 5/5/2015 | MANAGEMENT FEE | 19880 | $0.00 | ($1.74) | ($1.74) |
| Interest | 4/7/2015 | CRS SYSTEM | 19764 | $0.00 | $16.08 | $16.08 |
| Interest | 4/7/2015 | MANAGEMENT FEE | 19764 | $0.00 | ($1.79) | ($1.79) |
| Interest | 3/3/2015 | CRS SYSTEM | 19592 | $0.00 | $11.67 | $11.67 |
| Interest | 3/3/2015 | MANAGEMENT FEE | 19592 | $0.00 | ($1.30) | ($1.30) |
| Interest | 2/4/2015 | CRS SYSTEM | 19435 | $0.00 | $13.59 | $13.59 |
| Interest | 2/4/2015 | MANAGEMENT FEE | 19435 | $0.00 | ($1.51) | ($1.51) |
| Interest | 1/6/2015 | CRS SYSTEM | 19311 | $0.00 | $16.40 | $16.40 |
| Interest | 1/6/2015 | MANAGEMENT FEE | 19311 | $0.00 | ($1.82) | ($1.82) |
| Interest | 12/2/2014 | CRS SYSTEM | 19161 | $0.00 | $14.38 | $14.38 |
| Interest | 12/2/2014 | MANAGEMENT FEE | 19161 | $0.00 | ($1.60) | ($1.60) |
| Interest | 11/4/2014 | CRS SYSTEM | 19071 | $0.00 | $15.08 | $15.08 |
| Interest | 11/4/2014 | MANAGEMENT FEE | 19071 | $0.00 | ($1.68) | ($1.68) |
| Interest | 10/3/2014 | CRS SYSTEM | 18860 | $0.00 | $15.43 | $15.43 |
| Interest | 10/3/2014 | MANAGEMENT FEE | 18860 | $0.00 | ($1.71) | ($1.71) |
| Interest | 9/4/2014 | CRS SYSTEM | 18705 | $0.00 | $14.95 | $14.95 |
| Interest | 9/4/2014 | MANAGEMENT FEE | 18705 | $0.00 | ($1.66) | ($1.66) |
| Interest | 8/5/2014 | CRS SYSTEM | 18431 | $0.00 | $23.81 | $23.81 |
| Interest | 8/5/2014 | MANAGEMENT FEE | 18431 | $0.00 | ($2.65) | ($2.65) |
| Interest | 6/24/2014 | CRS SYSTEM | 18224 | $0.00 | $8.08 | $8.08 |
| Interest | 6/24/2014 | MANAGEMENT FEE | 18224 | $0.00 | ($0.90) | ($0.90) |
| Interest | 6/5/2014 | CRS SYSTEM | 18071 | $0.00 | $17.64 | $17.64 |
| Interest | 6/5/2014 | MANAGEMENT FEE | 18071 | $0.00 | ($1.96) | ($1.96) |
| Interest | 5/2/2014 | CRS SYSTEM | 17867 | $0.00 | $15.40 | $15.40 |
| Interest | 5/2/2014 | MANAGEMENT FEE | 17867 | $0.00 | ($1.71) | ($1.71) |
| Interest | 4/2/2014 | CRS SYSTEM | 17715 | $0.00 | $15.16 | $15.16 |
| Interest | 4/2/2014 | MANAGEMENT FEE | 17715 | $0.00 | ($1.68) | ($1.68) |
| Interest | 3/4/2014 | CRS SYSTEM | 17544 | $0.00 | $17.55 | $17.55 |
| Interest | 3/4/2014 | MANAGEMENT FEE | 17544 | $0.00 | ($1.95) | ($1.95) |
| Interest | 2/4/2014 | CRS SYSTEM | 17407 | $0.00 | $16.12 | $16.12 |
| Interest | 2/4/2014 | MANAGEMENT FEE | 17407 | $0.00 | ($1.79) | ($1.79) |
| Interest | 1/3/2014 | CRS SYSTEM | 17263 | $0.00 | $18.58 | $18.58 |
| Interest | 1/3/2014 | MANAGEMENT FEE | 17263 | $0.00 | ($2.06) | ($2.06) |

# CRS Account History
Account Id: 68785

**Account:** 68785      **Awardee:**

**Case:** 200255218      **Next Friend:**

**Court:** 215th - Civ      **Attorney:**

**Style:** MADISON, SASKIA (A PSEUDONYM) (AS NEXT F vs. WILLIAMSON, WARREN REID

| | | | | **Principal:** | $0.00 |
| | | | | **Interest:** | $0.00 |
| | | | | **Total:** | $0.00 |

| Action | Validation | Customer Name | Receipt Number | Principal Amount | Interest Amount | Total Amount |
|---|---|---|---|---|---|---|
| Interest | 12/3/2013 | CRS SYSTEM | 17108 | $0.00 | $13.71 | $13.71 |
| Interest | 12/3/2013 | MANAGEMENT FEE | 17108 | $0.00 | ($1.52) | ($1.52) |
| Interest | 11/5/2013 | CRS SYSTEM | 17006 | $0.00 | $16.67 | $16.67 |
| Interest | 11/5/2013 | MANAGEMENT FEE | 17006 | $0.00 | ($1.85) | ($1.85) |
| Interest | 10/2/2013 | CRS SYSTEM | 16789 | $0.00 | $13.88 | $13.88 |
| Interest | 10/2/2013 | MANAGEMENT FEE | 16789 | $0.00 | ($1.54) | ($1.54) |
| Interest | 9/4/2013 | CRS SYSTEM | 16588 | $0.00 | $16.55 | $16.55 |
| Interest | 9/4/2013 | MANAGEMENT FEE | 16588 | $0.00 | ($1.84) | ($1.84) |
| Interest | 8/2/2013 | CRS SYSTEM | 16398 | $0.00 | $17.66 | $17.66 |
| Interest | 8/2/2013 | MANAGEMENT FEE | 16398 | $0.00 | ($1.96) | ($1.96) |
| Interest | 6/25/2013 | CRS SYSTEM | 16140 | $0.00 | $7.83 | $7.83 |
| Interest | 6/25/2013 | MANAGEMENT FEE | 16140 | $0.00 | ($0.87) | ($0.87) |
| Interest | 6/4/2013 | CRS SYSTEM | 16007 | $0.00 | $14.13 | $14.13 |
| Interest | 6/4/2013 | MANAGEMENT FEE | 16007 | $0.00 | ($1.57) | ($1.57) |
| Interest | 5/2/2013 | CRS SYSTEM | 15776 | $0.00 | $14.89 | $14.89 |
| Interest | 5/2/2013 | MANAGEMENT FEE | 15776 | $0.00 | ($1.66) | ($1.66) |
| Interest | 4/2/2013 | CRS SYSTEM | 15630 | $0.00 | $16.47 | $16.47 |
| Interest | 4/2/2013 | MANAGEMENT FEE | 15630 | $0.00 | ($1.83) | ($1.83) |
| Interest | 3/5/2013 | CRS SYSTEM | 15463 | $0.00 | $11.40 | $11.40 |
| Interest | 3/5/2013 | MANAGEMENT FEE | 15463 | $0.00 | ($1.27) | ($1.27) |
| Interest | 2/6/2013 | CRS SYSTEM | 15281 | $0.00 | $17.07 | $17.07 |
| Interest | 2/6/2013 | MANAGEMENT FEE | 15281 | $0.00 | ($1.90) | ($1.90) |
| Interest | 1/3/2013 | CRS SYSTEM | 15103 | $0.00 | $12.78 | $12.78 |
| Interest | 1/3/2013 | MANAGEMENT FEE | 15103 | $0.00 | ($1.42) | ($1.42) |
| Interest | 12/5/2012 | CRS SYSTEM | 14972 | $0.00 | $20.21 | $20.21 |
| Interest | 12/5/2012 | MANAGEMENT FEE | 14972 | $0.00 | ($2.25) | ($2.25) |
| Interest | 10/23/2012 | CRS SYSTEM | 14706 | $0.00 | $9.88 | $9.88 |
| Interest | 10/23/2012 | MANAGEMENT FEE | 14706 | $0.00 | ($1.10) | ($1.10) |
| Interest | 10/3/2012 | CRS SYSTEM | 14540 | $0.00 | $16.94 | $16.94 |
| Interest | 10/3/2012 | MANAGEMENT FEE | 14540 | $0.00 | ($1.88) | ($1.88) |
| Interest | 9/6/2012 | CRS SYSTEM | 14305 | $0.00 | $20.88 | $20.88 |
| Interest | 9/6/2012 | MANAGEMENT FEE | 14305 | $0.00 | ($2.32) | ($2.32) |
| Interest | 8/2/2012 | CRS SYSTEM | 14068 | $0.00 | $18.23 | $18.23 |

# CRS Account History
## Account Id: 68785

**Account:** 68785      **Awardee:**

**Case:** 200255218      **Next Friend:**

**Court:** 215th - Civ      **Attorney:**

**Style:** MADISON, SASKIA (A PSEUDONYM) (AS NEXT F vs. WILLIAMSON, WARREN REID

| | | | | | **Principal:** | $0.00 |
| | | | | | **Interest:** | $0.00 |
| | | | | | **Total:** | $0.00 |

| Action | Validation | Customer Name | Receipt Number | Principal Amount | Interest Amount | Total Amount |
|--------|-----------|---------------|----------------|-----------------|----------------|--------------|
| Interest | 8/2/2012 | MANAGEMENT FEE | 14068 | $0.00 | ($2.03) | ($2.03) |
| Interest | 7/3/2012 | CRS SYSTEM | 13868 | $0.00 | $16.92 | $16.92 |
| Interest | 7/3/2012 | MANAGEMENT FEE | 13868 | $0.00 | ($1.88) | ($1.88) |
| Interest | 6/5/2012 | CRS SYSTEM | 13681 | $0.00 | $10.67 | $10.67 |
| Interest | 6/5/2012 | MANAGEMENT FEE | 13681 | $0.00 | ($1.19) | ($1.19) |
| Deposit | 5/10/2012 | THE ESTATE OF DORIS B WILLIAMSON | 9516 | $20,000.00 | $0.00 | $20,000.00 |

EXHIBIT 3

12/30/2019 7:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39570202
By: Marcella Hill
Filed: 12/30/2019 7:25 PM

# 2019-90457 / Court: 113

CAUSE NO. _____

| | | |
|---|---|---|
| STEVEN J. KHERKHER, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| WILLIAMS, HART, BOUNDAS, & | § | HARRIS COUNTY, T E X A S |
| EASTERBY LLP (f/k/a WILLIAMS, | § | |
| KHERKHER, HART & BOUNDAS, LLP), | § | |
| JOHN EDDIE WILLIAMS, JR., and | § | |
| JIM HART | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION,
### REQUESTS FOR DISCLOSURE, AND JURY DEMAND

Plaintiff Steven J. Kherkher ("Kherkher") files this Original Petition against Defendants Williams, Hart, Boundas, & Easterby, LLP (f/k/a Williams, Kherkher, Hart, & Boundas, LLP) (the "Partnership"), John Eddie Williams, Jr. ("Williams"), and Jim Hart ("Hart"), and shows the following in support thereof:

## I.   DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

## II.   PARTIES

2.     Plaintiff, Steven J. Kherkher, is an individual residing in Harris County, Texas.

3.     Defendant, Williams, Hart, Boundas, & Easterby LLP, is a Texas limited liability partnership and may be served by serving its partner, John E. Williams, at 3622 Knollwood, Houston, Texas 77019, or wherever he may be found. *See* TEX. CIV. PRAC. & REM. CODE § 17.022.

4.      Defendant, John Eddie Williams, Jr., is an individual residing in Harris County, Texas, and may be served at 3622 Knollwood, Houston, Texas 77019, or wherever he may be found.

5.      Defendant, Jim Hart, is an individual residing in Harris County, Texas, and may be served at 2310 Central Park Avenue, Houston, Texas 77059, or wherever he may be found.

## III.    JURISDICTION AND VENUE

6.      This Court has personal jurisdiction over Defendants Williams and Hart because they are individuals residing in Harris County, Texas.  This Court has personal jurisdiction over Defendant Partnership because it is an entity that conducts business in Harris County, Texas. Further, the amount in controversy is within the jurisdictional limits of the Court

7.      Venue is proper in this Court under § 15.002(a) of the Texas Civil Practices and Remedies Code because a substantial part of the events or omissions giving rise to the claims occurred in Harris County, Texas.

## IV.    CONDITIONS PRECEDENT

8.      All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## V.    THE FACTS

9.      This is a case involving breach of contract by Plaintiff Steve Kherkher's former partners—John Eddie Williams and Jim Hart—and the Partnership, formerly known as Williams, Kherkher, Hart & Boundas, LLP, following Kherkher's resignation from the Partnership in early 2019.

10.     Steve Kherkher began working with John Eddie Williams in April of 1990. At that time, the Partnership was known as Umphrey, Burrow, Reaud, Williams & Bailey.   During his 29-year tenure with the Partnership, the firm went through many iterations and name changes, but

Kherkher was a constant.  Over the course of his career with the Partnership, Kherkher rose through the ranks and became a named partner.

11.    The terms of Kherkher's 2015 agreement with the Partnership were set forth in an Amended and Restated Agreement of Partnership (the "Partnership Agreement").  The Partnership Agreement contained various terms including those related to the effect of withdrawal by a partner, the payout of the capital account for a withdrawing partner, and how cases will be handled by the Partnership following withdrawal.

12.    As an equity partner, Kherkher was entitled to distributions based on the amount of partnership profits and equity capital at the end of each year.  Kherkher became familiar with the process by which the distributions were determined each year—including the fact that the amount of his year-end capital account balance could be reduced after the initial accounting.

13.    In January 2019, Kherkher went to trial in Fort Worth for one of his clients. Kherkher obtained a $6.5 million verdict.  Shortly after the conclusion of that trial, Kherkher intended on informing the Partnership of his decision to resign.[1]  As a matter of courtesy, Kherkher waited until Williams returned from a three-week vacation.

14.    On or about Tuesday, January 29, 2019, Kherkher met with Defendants John Eddie Williams and Jim Hart.  During that meeting, Kherkher notified Williams and Hart that he would be resigning from the Partnership and that he wanted to make it a smooth transition.  At that time, Williams asked if there was anything he could do to change Kherkher's mind.  Williams further asked Kherkher not to make a final decision or to inform anyone else of his decision, and to give them a week to discuss the matter.  Separately, Jim Hart met with Kherkher and asked Kherkher not to leave the Partnership.  Additionally, other partners, such as Armi Easterby and John

---

[1] Despite this decision, Kherkher continued to work on the case post-verdict and settled the trial verdict for a great dollar amount for the benefit of the Partnership.

Boundas, reached out to Kherkher to either ask him to stay or to indicate their wish that he would stay. The following week, Jim Hart, on behalf of Williams, again asked Kherkher if there was any way that Kherkher would stay with the Partnership. Both Williams and Hart wanted Kherkher to continue to be a part of the Partnership.

15.     Kherkher informed the Partnership that he intended to withdraw. Because of Kherkher's reputation and value to the firm, the Partnership asked Kherkher to continue working with the Partnership in a different capacity—as an ambassador for the firm. Accordingly, Kherkher met with Williams and Hart to discuss how he could help the Partnership going forward, despite his withdrawal as a partner.

16.     At that time, the Parties met and entered into a new agreement, separate and distinct from the Partnership Agreement that previously governed Kherkher's employment. Notably, this was not a modification or amendment to the Partnership Agreement, but an entirely new agreement that would govern Kherkher's transition and affiliation with the Partnership going forward. This New Agreement was based on separate consideration from the previous Partnership Agreement.

**A.     The New Agreement.**

17.     The new agreement was formed at a lunch meeting in early February 2019 between Steve Kherkher, John Eddie Williams, and Jim Hart at Pappas Seafood Restaurant. The parties shook hands and hugged once the deal was struck. The terms of the new agreement (the "New Agreement") were as follows:

(1) The Partnership agrees to pay Kherkher the remaining balance of his capital account as of December 31, 2018 over the course of 48 monthly payments; this amount was specified as $9,219,752.00;

(2) Kherkher agrees to continue working with the Partnership as "Of Counsel" for an indefinite period;

4

(3) The Partnership agrees to pay Kherkher $50,000 per case as compensation for any cases identified by the Partnership as those requiring Kherkher's help to try the case; and

(4) Kherkher, Williams, Hart, and the Partnership mutually agree not to disparage one another.

Because Kherkher had seen over the course of his 29 years at the Partnership how the year-end capital account balance would often be reduced after reconciliation, the $9.2 million figure was agreed upon as a set number and specific term to the New Agreement.  In fact, Williams has a history of arbitrarily and capriciously manipulating capital account balances upon the withdrawal of a partner.  Kherkher observed Williams distributing abnormally large bonuses or spending large arbitrary sums.  Because of Williams' pattern and practice of arbitrary spending, Kherkher would not have entered into the New Agreement if the $9.2 million term had been subject to later reconciliation.

18.     Once the New Agreement was made, the Partnership began making payments to Kherkher in accordance with the terms of the New Agreement and continued the payments for several months without issue.  The existence and various terms of the New Agreement were corroborated by written communications between Kherkher and Williams.  In an email from February 11, Williams states that he met with Steve and "agreed" to certain terms.  He also asked Steve, "please confirm that this is our agreement."

19.     Additionally, the Partnership, Williams, and Kherkher all performed in accordance with the New Agreement and in reliance upon the New Agreement.  The Partnership acted in accordance with the New Agreement by making Kherkher "Of Counsel" to the firm.  This title change was physically made on the Partnership's website and on its office building's directory.  Kherkher acted in accordance with the New Agreement by continuing his representation in an "Of Counsel" capacity on the cases identified by the Partnership as those needing his assistance, by

5

not disparaging the Defendants, and by steering cases to the Partnership for its benefit. The Partnership also made payments to Kherkher of $50,000 per case as compensation for his continued representation, as agreed upon.

20.     But for the existence of the New Agreement, Kherkher would have been subject to the terms of the former Partnership Agreement; however, the Parties intended that the New Agreement would govern Kherkher's transition, the terms of which contradicted the Partnership Agreement.

**B.     The Breach.**

21.     Kherkher began receiving monthly payments of his capital account balance in March 2019. The amount of the agreed-upon monthly payments was $214,418.93.

22.     In late March, Williams introduced for the first time the idea of a written separation agreement. On March 26, Williams emailed Kherkher a document entitled "Redemption and Separation Agreement." Because the Redemption and Separation Agreement was unilaterally drafted and contained terms that had not been agreed upon, Kherkher never signed the Redemption and Separation Agreement.

23.     Williams also asked Kherkher to renew his personal co-guarantee of a loan being guaranteed by the Partnership. This request demonstrated to Kherkher the Defendants' desire to continue working with Kherkher despite his withdrawal as a partner.

24.     For several months, the Partnership continued making payments to Kherkher in accordance with the New Agreement. In late August, however, the Partnership claimed that the amount of Kherkher's capital account balance had been reconciled, it reduced the amount of the capital account payments to Kherkher, and it demanded over $200,000 in reimbursement for previous overpayments. The Defendants' failure to pay the full amount agreed upon constitutes a breach of the New Agreement.

## VI.   CAUSES OF ACTION

### COUNT ONE - Breach of Contract

25.     Plaintiff incorporates by reference the above paragraphs.

26.     The New Agreement is valid and enforceable.  There was an offer, acceptance, consideration, specific terms, and a meeting of the minds, as evidence by the written communications of Williams and by subsequent performance of the New Agreement by the Parties.  The New Agreement constituted an entirely new and distinct agreement from the prior Partnership Agreement and was made with separate consideration.

25.     To the extent that the New Agreement was oral in nature, the parol evidence rule does not bar its enforcement because the rule does not apply to oral agreements made *subsequent* to a written agreement.  *Lakeway Company v. Leon Howard, Inc.*, 585 S.W.2d 660 (Tex.1979); *Hogg v. Jaeckle*, 561 S.W.2d 568 (Tex. Civ. App.—Tyler 1978, no writ).  Additionally, "a written contract not required by law to be in writing may be modified by a subsequent oral agreement *even though it provides that it can be modified only by a written agreement.* Such a written bargain or agreement is of no higher legal degree than an oral one, and either may vary or discharge the other."  *Mar-Lan Indus., Inc. v. Nelson*, 635 S.W.2d 853, 855 (Tex. App.—El Paso 1982) (emphasis added); *see also Hyatt Cheek Builders-Engineers Company v. Board of Regents of the University of Texas System*, 607 S.W.2d 258 (Tex. Civ. App.—Texarkana 1980, writ dism'd.); *Adams v. Can-Dee Oil Corporation*, 357 S.W.2d 808 (Tex. Civ. App.—Waco 1962, writ ref'd n. r. e.); 14 TEX.JUR.3d, Contracts, Section 247 ("A person who has agreed that he will contract only by writing does not thereby preclude himself from making a parol bargain to change his agreement").

26.     Kherkher has fulfilled in all material respects all his contractual obligations under the New Agreement.  Kherkher continued his representation on behalf of the Partnership for cases

7

identified by the Partnership as requiring his assistance; Kherkher did not disparage the Defendants; and Kherkher continued working as "Of Counsel" for the Partnership.

27.     Defendants materially breached the New Agreement by: (i) reducing the amount of its monthly payments of the capital account balance, and (ii) demanding repayment for alleged "overpayments" of the capital account balance.  Further, Defendants continue to commit such breaches each time they pay less than the agreed-upon monthly amount.

28.     As a direct and proximate result of Defendants' actions, Kherkher has suffered and will continue to suffer damages.

### COUNT TWO - Promissory Estoppel

29.     Plaintiff incorporates by reference the paragraphs above.

30.     Alternatively, Defendants made promises to Kherkher that (1) they would pay the remaining balance of Kherkher's capital account as of December 31, 2018, which totaled $9,219,752.00; (2) they would pay Kherkher $50,000 per case as compensation for his representation in lawsuits identified by the firm as requiring his assistance; and (3) because of Kherkher's reputation and value, the Partnership promised to be affiliated with Kherkher for the indefinite future and asked Kherkher to stay on as "Of Counsel."

31.     Kherkher reasonably and substantially relied on the promise to his detriment. Kherkher continued representing those cases identified by the Partnership as requiring his assistance, and Kherkher accepted payment of $50,000 per case and re-payment of $9,219,752.00. This reliance operated to the detriment of Kherkher because if the capital account balance of $9.2 million had not been set as a specific sum, Kherkher would not have accepted $50,000 per case, he would not have continued working with the Partnership as Of Counsel, and he would not have continued sending potential cases to the Partnership.  In other words, Kherkher would have demanded a higher flat fee per case if the promised repayment of his capital account was subject

8

to later reconciliation. (For example, in September 2019, Kherkher tried a case for the Partnership as lead attorney and obtained a $12,450,000 verdict against a billion-dollar trucking company where the defendant offered less than $400,000. That judgment has been signed and is awaiting appeal).

32.    Kherkher's reliance was foreseeable by the Defendants because the Parties began performing in accordance with promises made. Injustice can only be avoided by enforcing the Defendants' promise. Without this Court's intervention, Kherkher will suffer damages.

### COUNT THREE – Request for Declaratory Judgment

33.    Plaintiff incorporates by reference the paragraphs above.

34.    Although the New Agreement is valid and enforceable, and without waiving any claim to enforcement of the New Agreement, Kherkher alternatively seeks a declaration regarding his rights under the Partnership Agreement. *See* TEX. CIV. PRAC. & REM. CODE 37.001, *et seq.* Specifically, Kherkher seeks a declaration that he is entitled to payment of his capital account balance as of December 31, 2018; Kherkher seeks a declaration of rights as to the computation and calculation of his capital account balance during his employment as a partner at the Partnership; and Kherkher seeks a declaration that his capital account balance ending on December 31, 2018 was $9,219,752. There is a justiciable controversy involved in this case. The foregoing declarations would resolve the Parties' rights with regard to past payment of the capital account balance as well as future payments that would come due under the Partnership Agreement.

35.    To the extent other disputes between Kherkher and the Defendants may arise or become known during the course of this lawsuit with respect to the Parties' rights, duties, and obligations, Kherkher further pleads and prays for the appropriate declarations necessary to resolve such disputes.

### COUNT FOUR – Request for an Accounting and Inspection

36.     Plaintiff incorporates by reference the paragraphs above.

37.     Pursuant to the Business Organizations Code and the provisions set forth in Section Article VII of the Partnership Agreement, Kherkher hereby makes a written demand for an accounting of the Partnership, and for inspection of all the Partnership's relevant books, records, and accounting related to Kherkher's capital account balance during his employment as a partner at the Partnership. *See* TEX. BUS. ORGS. CODE § 153.552.

### COUNT FIVE – Attorney's Fees

38.     Plaintiff incorporates by reference the paragraphs above.

39.     As a result of Defendants' breach of the New Agreement, Kherkher seeks recovery of his reasonable and necessary attorney's fees pursuant to Texas Civil Practices and Remedies Code §§ 37.009 and 38.001.

### VII.      JURY DEMAND

40.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### VIII.      DAMAGES CATEGORY

41.     Plaintiff seeks monetary relief over $1,000,000. *See* TEX. R. CIV. P. 47.

### IX.      REQUESTS FOR DISCLOSURE

42.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to produce the information and material described in Rule 194.2 (a) - (i) of the Texas Rules of Civil Procedure within fifty (50) days of service of this request.

### X.      PRAYER FOR RELIEF

Therefore, Plaintiff respectfully requests that Defendants be cited to appear and answer and that Steven J. Kherkher have judgment against Defendants for actual damages; pre-judgment and

post-judgment interest as permitted by law; the declarations requested; attorneys' fees; costs of suit; and all other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Steve Kherkher
Steven J. Kherkher
State Bar No. 11375950
KHERKHER GARCIA, LLP
801 Travis St., Ste. 2175
Houston, Texas 77002
(713) 333-1030 (telephone)
(713) 333-1029 (facsimile)
skherkher@kherkhergarcia.com

11

EXHIBIT 4


**WILLIAMS ◆ HART**

| FREE CASE EVALUATION |
|---|
| ABOGADOS DE ACCIDENTES |

**PROVEN TRIAL LAWYERS. HELPING THE INJURED SINCE 1983.**

CALL US TODAY!
**713-575-2651**

**ABOGADOS DE ACCIDENTES**

**FREE CASE EVALUATION**

# MEET YOUR LEGAL TEAM

At Williams Hart, our attorneys are here to help you. We have decades of combined experience in personal injury, commercial litigation, union representation, environmental disasters, pharmaceutical litigation, and toxic exposure cases. Our legal team is ready to work with you and your family as you fight for the maximum compensation you deserve.



# WILLIAMS ◆ HART



John Eddie Williams, Jr.
Managing Partner

**READ BIO**



Jim Hart
Firm Partner

**READ BIO**



John Boundas
Firm Partner

**READ BIO**



Armi Easterby
Firm Partner

**READ BIO**



# OUR STORY

Williams Hart Law Firm started in 1983; our lawyers and legal staff have remained dedicated to fighting personal injury law. Williams Hart Law Firm has decades of experience, tremendous expertise, and significant resources to fight America's most challenging court cases. We are committed to protecting and defending the rights of individuals against the negligence of large and powerful corporations.

Williams Hart Law Firm has represented more than 100,000 clients since we first opened our doors. We have fought hard for each of those clients, ensuring we preserve every person's right to a fair trial. While jury verdicts and settlements are our profession's currency. The moral commitment we have to our clients is our utmost priority. It has always been our goal to promote the highest ethical standards among our attorneys and staff, as well as our local legal community.

We can proudly say we have been at the forefront of helping our clients, regardless of changes in the law or the world around us. It has been an honor and privilege to have fought for thousands of hard-working families around the country. We focus on the client's needs first and foremost, deploying all necessary resources to successfully litigate a case and maintaining ethical standards that are second to none.

**Consulting our legal team is free.** We will connect you with an experienced legal staff member who will answer questions and talk to you about your unique case. Next, our staff will match you with one of Williams Hart's attorneys. We work on a contingency fee basis, which means you will pay nothing unless we win you money.



EXHIBIT 5



| FREE CASE EVALUATION |
| --- |
| ABOGADOS DE ACCIDENTES |

**PROVEN TRIAL LAWYERS. HELPING THE INJURED SINCE 1983.**

CALL US TODAY!
**713-575-2651**

**ABOGADOS DE ACCIDENTES**

**FREE CASE EVALUATION**

# CO-COUNSEL OPPORTUNITIES

At Williams Hart, part of our success story is our collaboration and joint venture arrangements with other law firms. It is a top priority of ours to develop a co-counsel partnership with other law firms of all types.

Some cases require a firm that has the necessary experience and resources to try a case successfully. Other cases need a larger firm with more in-depth expertise in that specific area of the law. Williams Hart law firm gladly partners with other attorneys across the nation on the most complex cases.

Since we were founded in 1983, we've had several successful co-counsel collaboration with other law firms. We've helped them generate the revenue necessary for cases beyond their traditional areas of practice. We added money to their bottom line – and we can do the same for you.

Are you dealing with a case that you believe you may not have the resources to properly handle? We encourage you to contact our firm as soon as possible. We work with attorneys through a successful joint venture in all kinds of cases. This includes personal injury, mass torts, pharma/device, commercial litigation, asbestos, and many more. Our law firm has the manpower and knowledge to make your client and you successful.





I think I have a case                     I am a current client

I am a union member                     I am a legal colleague

I am a vendor

**Name***

First Name                                      Last Name

**Phone Number***

Area Code                    Phone Number

**Email***

example@example.com

**Message***



   

**Attorneys are licensed in the state of Texas** unless otherwise indicated in the biographical section. Past performance is no guarantee of **future results**. This advertisement is paid for by the cooperating Lawyers. The cooperating lawyers are the attorneys of **Williams Hart**.

## QUICK LINKS

About Us

Cases We Handle

Blog

Contact

## CONTACT US

  8441 Gulf Freeway, #600
Houston, TX 77017

**CALL: 713 564 7040**

